Case: 5:05-cv-00369-JBC-JBT   Doc #: 7   Filed: 05/08/06   Page: 1 of 9 - Page ID#: 66

Eastern District of Kentucky
FILED

MAY 0 8 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-369-JBC

DWAYNE HAMILTON,                                                          PLAINTIFF

V.                      **PROPOSED FINDINGS OF FACT
                         AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Dwayne Hamilton, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that based on his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits filed on January 31, 2002, he was not disabled.

This matter is before the court on cross-motions for summary judgment. [DE ##4, 5].

By Order of February 14, 2006, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

Plaintiff alleged that he became disabled on June 27, 2001, at age 36, due to back surgery. (Tr. 22). Plaintiff has a ninth grade education and has past relevant work (PRW) experience as an asbestos remover, construction laborer, and truck driver. Plaintiff's DIB and SSI applications were denied initially and on reconsideration, resulting in a an ALJ hearing held on April 8, 2003. On August 26, 2003, ALJ Roger L. Reynolds found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled disability benefits under either his DIB or SSI applications. (Tr. 21-29).

Subsequently, on August 18, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision (Tr. 11-14), resulting in the filing of this action for judicial review of the Commissioner's decision.

Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since his alleged onset date, (2) the medical evidence indicates that claimant has polysubstance dependency, in remission by history; dysthymia; chronic low back pain, status-post L4-5 laminectomy/diskectomy; obesity; psoriasis; status-post kidney stones with stent placement in left kidney; non-insulin dependent diabetes mellitus; and right shoulder pain of uncertain etiology, impairments or a combination of impairments considered "severe" based on 20 C.F.R. §§ 404.1520(b) and 416.920(b); however, these impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform any of his past relevant work (PRW); (5) claimant has no transferable skills from any PRW and/or transferability of skills is not an issue in this case; (6) claimant has the residual functional capacity (RFC) to perform a significant range of sedentary work, with certain restrictions; (7) although claimant's exertional limitations do not permit him to perform the full range of sedentary work, using Medical-Vocational Rule 201.25 as a framework for decision-making, and based on vocational expert testimony, there is a significant number of jobs in the national economy that claimant can perform, such as work as a bench assembler and clerical worker; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, August 26, 2003. (21-29).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to

support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff asserts that (1) the ALJ erred by disregarding the report of the consulting physician, Randall Schleenbaker, M.D., which is consistent with the report of plaintiff's treating physician, John Gilbert, M.D., concerning plaintiff's ability to work, and (2) the ALJ erred in finding plaintiff's testimony not fully credible. For these reasons, plaintiff submits that the ALJ's decision is not supported by substantial evidence, that the Commissioner's decision should be reversed, and that he should be awarded disability benefits.

In response, the defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, and the transcript of the ALJ hearing.

A. **Weight given to the opinions of treating physician and consultative physician**

i. **John Gilbert, M.D.**

Plaintiff's treating physician is John Gilbert, M.D., who performed back surgery on plaintiff in November of 2001. In a Medical Report form completed by Dr. Gilbert on July 15, 2002, Dr. Gilbert states that plaintiff can lift no more than 10-15 pounds; stand/walk less than 4 hours/day; less than 1 hour without interruption; sit less than 4 hours/day, less than 1 hour without interruption; can never perform postural activities; is limited in his capacity for reaching and pushing/pulling; should

3

avoid heights, moving machinery, temperature extremes, humidity, and vibration; has no ability to deal with the public or work stress, use judgment, or maintain attention and concentration; has fair ability to relate to coworkers, follow work rules, interact with supervisors, or function independently. (Tr. 314-317).

In considering Dr. Gilbert's opinion, as well as that of Dr. Schleenbaker, the ALJ assessed their opinions as follows:

> Dr. Gilbert and Dr. Schleenbaker have both imposed essentially disabling restrictions upon the claimant. The opinion of a treating physician is entitled to great weight unless there is persuasive contradictory evidence. A treating physician's <u>medical</u> opinion, on the issue of the nature and severity of an impairment, is entitled to special significance; and, when supported by objective medical evidence and consistent with other substantial evidence of record, entitled to controlling weight. SSR 96-2p. On the other hand, statements that a claimant is "disabled," "unable to work", can or cannot perform a past job, meets a Listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate her statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner, such as that of Dr. Gilbert, can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence. Their opinions are inconsistent with their own reports and at variance with the evidence as a whole. 20 CFR 404.1527(d)(2); <u>SSR</u> 96-5p. Dr. Gilbert opined that the claimant is unable to make a number of occupational or social adjustments, implying significant mental impairments, but the claimant is not seeking in-patient or out-patient mental health treatment and Dr. Gilbert is not a mental health specialist. (emphasis in original).

(Tr. 25-26).

Although Dr. Gilbert listed a number of diagnoses relating to plaintiff's back (Tr. 319, 320, 321, 324), a mere diagnosis says nothing about the severity of a condition. The mere presence of a condition does not necessarily mean that it is disabling. See <u>Higgs v. Bowen</u>, 880 F.2d 860, 863 (6th Cir. 1988). For the reasons stated in the ALJ's opinion, the Magistrate Judge concludes that the ALJ properly declined to give controlling weight to Dr. Gilbert's opinion concerning plaintiff's physical condition and limitations. See 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).

The Magistrate Judge also concludes that the ALJ properly rejected Dr. Gilbert's opinion concerning plaintiff's mental limitations, as Dr. Gilbert is not a mental health specialist. (Tr. 26). See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5) (less weight given to non-specialist). Dr. Gilbert's

4

treatment notes contain no substantive discussion of plaintiff's alleged mental problems, Dr. Gilbert did not list a mental impairment in his diagnoses, and there is no indication that Dr. Gilbert prescribed antidepressant medications or referred plaintiff for mental health treatment. Additionally, while Dr. Gilbert opined, *inter alia*, that plaintiff had poor or no abilities to maintain attention/concentration due to pain (Tr. 317), his treatment note dated November 5, 2001, indicates that plaintiff's attention span and concentration were "intact" (Tr. 327), which was prior to plaintiff's back surgery that, according to Dr. Gilbert, improved plaintiff's pain condition. (Tr. 319, 324). For all of these reasons, the ALJ properly rejected Dr. Gilbert's opinion concerning plaintiff's mental limitations.

### ii.     Randal Schleenbaker, M.D.

Subsequent to the ALJ hearing, Dr. Schleenbaker performed a consultative examination on plaintiff on May 7, 2003. (Tr. 335-344). Dr. Schleenbaker's report states that "[d]ue to the subjective nature of the patient's complaints, any work which requires repetitive lifting, bending, prolonged sitting or standing should be avoided." (Tr. 336-37). Additionally, Dr. Schleenbaker completed a form entitled "Medical Source Statement of Ability to do Work-Related Activities (Physical)", wherein he indicated plaintiff should never climb, balance, kneel, crouch, crawl, or stoop. (Tr. 342).

The ALJ discounted the limitations imposed by Dr. Schleenbaker for the following reasons:

> Dr. Gilbert and Dr. Schleenbaker have both imposed essentially disabling restrictions upon the claimant. . . . Dr. Schleenbaker's residual functional capacity analysis is based in large part on the claimant's subjective complaints.

(Tr. 25-26).

The minimal findings from Dr. Dr. Schleenbaker's physical examination do not reasonably support his opinion that plaintiff has disabling limitations. Dr. Schleenbaker reported some reduction in plaintiff's range of motion, tenderness to palpation in the low back, and decreased sensation in the toes. (Tr. 336). However, he also noted that plaintiff's gait was normal, his motor strength was 5/5 in the upper extremities, straight leg raising was negative bilaterally, and there was

5

no evidence of radiculopathy. (Tr. 336). Moreover, Dr. Schleenbaker ordered x-rays of plaintiff's lumbar spine and right shoulder which appear have shown little significance. (Tr. 336, 338). For these reasons, the Magistrate Judge concludes that the ALJ properly rejected Dr. Schleenbaker's opinion concerning plaintiff's limitations, as this opinion was not well supported by objective medical evidence and laboratory findings. See 20 C.F.R. 20 C.F.R. §§ 404.1527(d)(3) and 417.927(d)(3).

**B.  Vocational expert testimony**

Plaintiff points out that both Dr. Gilbert and Dr. Schleenbaker opined that plaintiff could not stoop and that usually such a limitation would significantly erode the sedentary occupational base and lead to a finding of disability.

However, the Vocational Expert testified that assuming plaintiff could not stoop, there were a significant number of sedentary jobs that could be performed that did not require, as part of the job, the ability to stoop:

> Q.   And what are those jobs?
>
> A.   Well, I'm talking about clerical jobs, for example. I do basically a sedentary clerical job. There's nothing about my job that requires me to stoop. The bench assembler is not required to stoop as part of his job. And those are the – clerical jobs are the greatest amount of the jobs that we find at the sedentary level, and they don't require, by nature of the jobs, the ability to stoop.

(Tr. 395).

Thus, even if plaintiff cannot stoop, there are still sedentary jobs he can perform.

**C.  ALJ's credibility finding**

Plaintiff also faults the ALJ for not finding his testimony concerning his pain and limitations fully credible. The ALJ's assessment of plaintiff's credibility is seen from the following excerpt from the ALJ's decision:

> . . . At the hearing, the claimant appeared muscular with callused hands. The claimant denies that he has a social life; however, his father testified that he has a girlfriend. The claimant's friends visit him. The claimant's [sic] drives and recently received a speeding ticket on the way to a stock car race in Ohio. Progress notes reflect that the claimant has traveled out of town. The claimant's typical day is spent sitting on the front porch, watching television and visiting with his parents.

6

> The claimant's complaints of debilitating pain and other symptoms are simply not credible to the extent alleged. After listening to his testimony, observing his demeanor and evaluating said testimony in light of the objective medical records, it appears that the claimant is trying to make his symptoms sound significantly more severe than they actually are. Notwithstanding the development of a wound infection immediately after his back surgery, it appears that the procedure was successful. The claimant has conceded that he is happy with the results and his surgeon was pleased with his progress. His urinary problems have resolved. The claimant's testimony is suspect in light of the objective medical evidence, which fails to establish that medical impairment that could reasonably be expected to produce the degree of pain and other symptomatology alleged. Recent x-rays are largely normal. There is no evidence of radiculopathy. Furthermore, in comparing the claimant's testimony with that of his father, it appears that the claimant has downplayed his activities of daily living.

(Tr. 25).

In determining whether a claimant is disabled, the Commissioner considers all symptoms, including pain, and the extent to which those symptoms "can reasonably be accepted as consistent with the objective medical evidence, and other evidence." 20 C.F.R. § 404.1529(a) (2005). When the medical signs or laboratory findings document a medically determinable impairment that could reasonably be expected to produce the symptoms alleged, as in this case, the Commissioner then evaluates the intensity and persistence of the symptoms to determine how those symptoms limit the claimant's capacity for work. See 20 C.F.R. § 404.1529(c)(1) (2005). In making this evaluation, the Commissioner considers the objective medical evidence as well as information from the claimant and from treating, examining, or other medical sources, as well as other factors, such as evidence of daily activities, the frequency and intensity of pain, any precipitating and aggravating factors, medication taken and any resulting side-effects, and any other measures taken to alleviate the claimant's pain. See 20 C.F.R. §§ 404.1529(c)(2), (3) (2005).

In *Jones v. Commissioner of Social Security*, 336 F.3d 469 (6th Cir. 2003), the Sixth Circuit noted the critical distinction between an ALJ "disbelieving" a claimant and finding that the severity of the allegations was at odds with the medical evidence. Specifically, in *Jones*, the Sixth Circuit stated:

> . . . the ALJ can present a hypothetical to the vocational expert on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate. See Townsend v. Secretary of Health and Human Services, 762 F.2d 40, 44 (6th Cir.

7

1985); see also Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990) (holding that the ALJ had an adequate basis to discount Mr. Blacha's credibility, where his behavior and the medical evidence were inconsistent with his testimony.).

In this case, based on his observations of plaintiff at the ALJ hearing, the testimony of plaintiff's father, and the ALJ's review of the objective medical evidence, the ALJ found plaintiff's testimony not credible to the extent alleged.

It is well settled that in reviewing a case for substantial evidence, the court may not decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). The rationale underlying this rule of law is that it is the ALJ, who has the opportunity to question and observe a claimant, is certainly in the best position to assess a claimant's credibility. Consequently, the Magistrate Judge finds no merit in plaintiff's argument that the ALJ erred in finding plaintiff's testimony concerning his impairments and how they impacted his ability to perform work activities only partially credible.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #4] be **DENIED**, that the defendant's motion for summary judgment [DE #5] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed,

8

474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This ___8th___ day of May, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE